

2014 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2014

# In Re: Craig Saunders

Precedential or Non-Precedential: Non-Precedential

Docket No. 14-1538

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2014

Recommended Citation

"In Re: Craig Saunders" (2014). *2014 Decisions.* Paper 377.
http://digitalcommons.law.villanova.edu/thirdcircuit_2014/377

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2014 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

was not entitled to habeas relief. Saunders v. Phila. Dist. Att'y's Office, C.A. No. 13-1951 (order entered Oct. 9, 2013).

Saunders then submitted a motion in the District Court, seeking to be relieved of his obligation to pay the appellate filing fee. By order entered December 18, 2013, the District Court noted that it lacked the authority to grant the requested relief. Saunders did not appeal. Instead, nearly two months later, Saunders filed a petition for writ of mandamus, asking that we direct the District Court to grant his motion and "vacate his appellate fees nunc pro tunc." The Clerk advised Saunders that his mandamus petition was deficient because he failed to pay the $450 filing fee or submit a completed application to proceed in forma pauperis. To date, Saunders has not cured the deficiency.

Because Saunders is proceeding in this Court without prepayment of fees, the Prison Litigation Reform Act requires that we assess the $450 filing fee and, as appropriate, collect the fee in installments. See 28 U.S.C. § 1915(b). Accordingly, we direct the warden to deduct an initial partial filing fee and thereafter to forward payments from Saunders' account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid. See id.

We turn now to the merits of the mandamus petition. Mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has "no other adequate means" to obtain

challenged.  Saunders v. Phila. Dist. Att'y's Office, C.A. No. 13-1951 (judgment entered Oct. 21, 2013).

Saunders now presents a petition for a writ of mandamus.  He asks us to order the District Court Clerk to refund the fee that has been remitted and to order the warden to cease deducting funds from Saunders's inmate account to pay the fee.  He argues that he is entitled to such relief because we took summary action on his appeal.

Mandamus is an extraordinary remedy.  See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976).  To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).  Saunders cannot satisfy this standard.

Among other things, Saunders has no right to the relief he requests.  As he was notified, he is responsible for the fee for his appeal regardless of its outcome.  See Porter v. Dep't of the Treasury, 564 F.3d 176, 179-80 (3d Cir. 2009) (outlining the purposes of the filing and docketing fees and explaining that appellants are not entitled to their return).  Once Saunders was granted leave to proceed in forma pauperis, he became obligated to pay the full fee.  See id. at 180 n.4.  That we took summary action before full briefing did not relieve him of his obligation.  Accordingly, we deny Saunders's petition.

2